**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAUN DARNELL GARLAND, | No. 11-16619 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00750-DCB |
| v. | |
| BORBON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
David C. Bury, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Shaun Darnell Garland appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil

rights violations for failure to exhaust administrative remedies under the Prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and for an abuse of discretion the district court's denial of a motion to reconsider a grant of summary judgment, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly concluded that Garland failed to exhaust administrative remedies regrading any grievance related to his arm being slammed in the cell door. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93–95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in denying Garland's motion to reconsider because he failed to demonstrate any ground for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1262.

Garland's remaining contentions are unavailing.

**AFFIRMED.**